# United States Court of Appeals for the Federal Circuit

2006-1548

ALFRED MCZEAL, JR.
(doing business as International Walkie Talkie),

Plaintiff-Appellant,

v.

SPRINT NEXTEL CORPORATION
and NEXTEL COMMUNICATIONS, INC.,

Defendants-Appellees.

Alfred McZeal Jr., of Houston, Texas, pro se.

L. Gene Spears, Baker Botts, L.L.P., of Houston, Texas, for defendants-appellees. With him on the brief was Michael B. Bennett.

Appealed from: United States District Court for the Southern District of Texas

Judge Lynn N. Hughes

# United States Court of Appeals for the Federal Circuit

2006-1548

ALFRED MCZEAL, JR.
(doing business as International Walkie Talkie),

Plaintiff-Appellant,

v.

SPRINT NEXTEL CORPORATION and NEXTEL COMMUNICATIONS, INC.,

Defendants-Appellees.

_____

DECIDED:  September 14, 2007

_____

Before MICHEL, Chief Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

Opinion for the court filed by Senior Circuit Judge ARCHER.  Concurring-in-part and dissenting-in-part opinion filed by Circuit Judge DYK.

ARCHER, Senior Circuit Judge.

   Alfred McZeal, Jr. ("McZeal") appeals the judgment of the United States District Court for the Southern District of Texas dismissing his complaint for failure to state a claim.  McZeal v. Sprint Nextel Corp., No. H-06-1775 (S.D. Tex. June 20, 2006).  Because McZeal met the minimal pleading requirements for his patent and trademark infringement claims, we vacate the district court's dismissal of his complaint and remand for further proceedings.

I

McZeal sued Sprint Nextel Corporation and Nextel Communications, Inc. (collectively "Sprint Nextel") alleging, <u>inter alia</u>, patent and trademark infringement.[1] The complaint in this case is ninety-five pages long, not including additional exhibits, and alleges twenty-four counts. At issue here is McZeal's allegation that Sprint Nextel infringes his service mark INTERNATIONAL WALKIE TALKIE®.[2] He similarly contends that Sprint Nextel infringes U.S. Patent No. 6,763,226 ("the '226 patent") through the use of the Motorola i930 cellular telephone.[3] As a part of his complaint, McZeal filed a motion for a temporary restraining order, a preliminary injunction, a permanent injunction, and a request for an expedited hearing.

In response to McZeal's request for "<u>an immediate hearing on the motion for injunctive relief requested in this complaint</u>," Compl. at 5, the trial court conducted a hearing shortly after the complaint was filed. During the hearing, the trial court inquired as to the exact nature of McZeal's claims and questioned him regarding the nature of

---

[1] Because the district court viewed McZeal's other causes of action as being derivative from his claims for patent and trademark infringement, the remaining counts of the complaint were not addressed at the trial level, and we decline to do so now.

[2] During an exchange with the district court, McZeal made clear that the INTERNATIONAL WALKIE TALKIE® mark was at issue, not the WORLDWIDE WALKIE TALKIE® mark, contrary to his assertions in his Reply brief: "The issue is International Walkie Talkie, your Honor. I think one of their agents are [sic] using International Walkie Talkie, or a few of the agents. I didn't really have any problems with Worldwide Walkie Talkie. The issue here is with International Walkie Talkie." As to any infringement of McZeal's PUSH TO TALK WORLDWIDE® mark, McZeal has not met the pleading requirements for this service mark to sustain his claim. Indeed, the PUSH TO TALK WORLDWIDE® mark was mentioned only in passing in McZeal's lengthy complaint, and the complaint contained no assertion that Sprint Nextel's use of the mark, if any, caused confusion in the public as to the source of the services.

[3] McZeal describes his patent as being "a computer/cellular based instant messenger and voice Over IP invention." Compl. at 14.

other lawsuits McZeal had filed. Following the district court's prompting, Sprint Nextel orally moved to dismiss for failure to state a claim. The court concluded that McZeal's complaint failed to state a claim and subsequently denied McZeal's request to amend the complaint because the complaint "is irreparable because the facts—there are no missing facts. There just aren't any facts."

McZeal appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law. Thus, on review we apply the law of the regional circuit. C & F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000). In the Fifth Circuit, a decision under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint for failure to state a claim is reviewed de novo. United States v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 379 (5th Cir. 2003). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 477 (5th Cir. 2002). "Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Where, as here, a party appeared pro se before the trial court, the reviewing court may grant the pro se litigant leeway on procedural matters, such as pleading requirements. Indeed, the Supreme Court has recognized this less demanding standard. In Hughes v. Rowe, 449 U.S. 5 (1980), the Court concluded that the pleadings of pro se litigants should be held to a lesser standard than those drafted by

lawyers when determining whether the complaint should be dismissed for failure to state a claim, because "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Id. at 9; see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers" when determining whether to dismiss the complaint for failure to state a claim). The Fifth Circuit echoes this standard, noting that it is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" Taylor, 296 F.3d at 378 (internal citations omitted).

The Supreme Court has explained what is necessary for a claimant to state a claim:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Bell Atlantic Corp. v. Twombly, ___ US ____, 127 S.Ct. 1955, 1965 (2007) (quoting

Conley v. Gibson, 355 U.S. 41, 47 (1957)) ("Bell Atlantic")[4]; see also Fed. R. Civ. P. Form 16 (2006) (setting forth a sample complaint for patent infringement that includes only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages); Conley, 355 U.S. at 47 (stating that "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]"). It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. See Bell Atlantic, 127 S.Ct. at 1971 n. 10 (stating "[a] defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 [in the Federal Rules of Civil Procedure] would know what to answer; a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin."). Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent. See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000). Here, McZeal asserted ownership of the '226 patent, Compl. at 13; named Sprint Nextel as

---

[4]    Later in its Bell Atlantic opinion, the Court discusses and clarifies a phrase from its earlier opinion in Conley v. Gibson ("Conley"). The Court noted that the language "no set of facts" contained in Conley could be read "as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." Bell Atlantic, 127 S.Ct. at 1968. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. This does not suggest that Bell Atlantic changed the pleading requirement of Federal Rule of Civil Procedure 8 as articulated in Conley. In fact, as illustrated above, Bell Atlantic favorably quoted Conley.

defendants, Compl. at 15-16; cited the '226 patent as allegedly infringed, Compl. at 14; described the means by which Sprint Nextel allegedly infringes ("[t]he defendant's INTERNATIONAL WALKIE TALKIE machine physically have [sic] or perform all of the basic elements contained in the patent claims of the plaintiff and further infringes under the doctrine of equivalents," Compl. at 14, 56; and pointed to the specific parts of the patent law invoked ("35 U.S.C. § 271," Compl. at 5). More specifically, McZeal's complaint alleges that the "[Motorola i930] manufactured and distributed by the defendants, which claims to be an 'International Walkie Talkie Machine' and which purports to provide 'INTERNTAIONAL WALKIE TALKIE®' service or global wireless Voice Over Internet Protocol (VoIP) communications" infringes his patent. Compl. at 14. McZeal further asserts:

> The technology cell phone product line called Motorola i930 "INTERNATIONAL WALKIE TALKIE" offered by the defendants, falls within the scope of one or more claims of the patented World Wide Walkie Talkie/International Walkie Talkie invention. Plaintiff further asserts herein that the infringing MOTOROLA i930 and line of wireless VoIP products are logically equivalent, performs [sic] in essence the same utility as the plaintiff's WORLDWIDE WALKIE TALKIE®/INTERNATIONAL WALKIE TALKIE® invention and infringes [sic] on the plaintiff's issued patent . . . .

Compl. at 28.[5] Accordingly, McZeal's complaint contains enough detail to allow the

---

[5] McZeal also explains that the Motorola i930 telephone:

> When used as any wireless apparatus over the internet or data network telephone infringes plaintiff's patent via the Doctrine of Equivalents because the elements of the infringing device is [sic] the equivalent on [sic] the plaintiff's patented invention and because it performs the same function, in the same way using a cellular telephone to achieve the same result, and/or the role of the infringing device element is substantially the same as that of plaintiff's invention.

Compl. at 57.

defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion.  See Conley, 355 U.S. 47-48; Phonometrics, 203 F.3d at 794.  Nothing more is required.

During the hearing, the trial court noted that McZeal had "conceded that [he] didn't know what device, what mechanism or what means Nextel uses to transmit and connect its telephone customers to the rest of the world."  At this stage in the litigation, all McZeal has access to is Sprint Nextel's public statements and advertisements.  From this information he has fashioned his complaint.  In this case, the specifics of how Sprint Nextel's purportedly infringing device works is something to be determined through discovery.

Turning to the claim of trademark infringement, a plaintiff must plead that a defendant uses a designation in interstate commerce and in connection with goods or services where the designation is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the defendant with another person, and the plaintiff has been or is likely to be damaged by these acts.  5 McCarthy On Trademarks, § 27:13 (2006).  McZeal has alleged that Sprint Nextel uses and advertises INTERNATIONAL WALKIE TALKIE ("the same mark as the plaintiff," Compl. at 27), for "identical telecom services and products, which are confusingly similar to plaintiff's, but without a license or permission from the plaintiff," id.  McZeal further asserts that Sprint Nextel's improper use of the INTERNATIONAL WALKIE TALKIE® mark "has caused and is likely to continue to cause members of the public to believe that the Defendant's telephone services are offered by way of a license or other agreement with Plaintiff, which in fact they are not."  Compl. at 41; see Compl. at 61.  Finally, McZeal has also

alleged that Sprint Nextel's services are "causing irreparable economic loss to the plaintiff and affiliates." Compl. at 30. Thus, McZeal has indeed pled the required elements of a trademark infringement claim.

The district court held McZeal's trademark invalid as generic. At this stage in the litigation, this finding on its face is insufficient because whether a term is generic is a question of fact. See Soc'y of Financial Examiners v. Nat'l Ass'n of Certified Fraud Examiners, 41 F.3d 223, 226 (5th Cir. 1995). Because the trial court ruled on this issue prematurely, we vacate this determination.

By ruling in McZeal's favor, we do not condone his method of pleading. McZeal is no stranger to legal proceedings, having filed numerous complaints in the past and having many dismissed for failure to state a claim. In this case, as noted previously, McZeal filed a voluminous complaint with multiple counts, many of which are baseless and frivolous. The remand will provide an opportunity for the district court to require McZeal to delineate his patent and trademark infringement claims and the evidence supporting these claims. The court can then construe the claims, Markman v. Westview Instr., 516 U.S. 370 (1996), and entertain summary judgment motions. As the Fifth Circuit has noted

> It may well be that plaintiff's allegations may not be able to stand the scrutiny of a motion for summary judgment supported by affidavits. But where pleadings are sufficient, yet it appears almost a certainty to the court that the facts alleged cannot be proved to support the legal claim, a motion to dismiss for failure to state a claim must nevertheless be overruled. Under a motion for summary judgment, the court can instead consider affidavits or depositions, answers to interrogatories and the material outside the pleadings. If these documents reveal that no genuine issue of fact exists, then a summary judgment properly disposes of the case.

Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 761 (5th Cir. 1984).

Because McZeal met the low bar for <u>pro se</u> litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6), we vacate the trial court's dismissal of McZeal's complaint and remand for further proceedings. McZeal's complaint certainly does not contain enough facts for the temporary restraining order and injunctions that he sought with his complaint, and any motion for this relief was properly denied by the district court. However, the district court should not have dismissed McZeal's entire complaint.

As to Sprint Nextel's arguments, they can now more appropriately be made to the district court.

<u>VACATED and REMANDED</u>

COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

2006-1548

ALFRED MCZEAL, JR,
(doing business as International Walkie Talkie)

Plaintiff-Appellant,

v.

SPRINT NEXTEL CORPORATION and NEXTEL COMMUNICATIONS, INC.,

Defendants-Appellees.

DYK, <u>Circuit Judge</u>, concurring-in-part and dissenting-in-part.

Although I agree with the majority's decision to vacate and remand with respect to the claim of trademark infringement, I dissent from the majority's decision to vacate the dismissal of the claim of patent infringement under the doctrine of equivalents. In my view, the majority's decision in this respect is inconsistent with the Supreme Court's recent decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).

Here McZeal's complaint only appears to assert infringement under the doctrine of equivalents.[1] U.S. Patent No. 6,763,226 ("the '226 patent") contains 12 claims. The two independent claims of the patent include dozens of specific claim limitations, and the dependent claims include numerous additional limitations. Without specifying which claims of the 12 claims were infringed, McZeal alleged simply that

---

[1] At the hearing before the district court, McZeal appeared not to contend that the claim limitations were literally satisfied. Sprint notes in its brief that McZeal "limited his pleading to a charge of infringement under the doctrine of equivalents," Appellee's Br. at 18, and McZeal did not dispute this assertion in his reply. Even if one were to read the complaint as alleging literal infringement as well as infringement under the doctrine of equivalents, I see no basis for declining to affirm the district court's dismissal of the doctrine of equivalents claim.

As previously stated in this Complaint the defendants SPRINT NEXTEL CORPORATION and agents manufacturers or distributes a product called "INTERNATIONAL WALKIE TALKIE" or Motorola i930 cellular device which infringes on one or more of plaintiff's patent claims and on the plaintiff's issued patent, and this infringement is willful, and done with full knowledge.

Defendants [sic] INTERNATIONAL WALKIE TALKIE infringes plaintiff [sic] patent via the doctrine of equivalents because the elements of the infringing device when used in cellular telephones, are the equivalent o[f] the plaintiff's patented invention, because it performs basically the same function in the same way using a cellular telephone to achieve the same result as plaintiff's . . . invention.

(Compl. at 51). McZeal also had a lengthy opportunity at the hearing on the motion to dismiss to explain his contentions. Despite this opportunity, McZeal failed to explain how the accused device infringed under the doctrine of equivalents. In fact, as the district court noted, McZeal conceded that he did not know "what mechanism Nextel uses to transmit and connect its telephone customers to the rest of the world." J.A. 160.

Federal Rule of Civil Procedure 8(a) requires litigants to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the complaint must "be so construed as to do substantial justice." Fed. R. Civ. P. 8(f).[2]

---

[2]   Although the pleadings of pro se litigants must be liberally construed, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002), McZeal is a serial litigator who has frequently brought unmeritorious cases. McZeal is familiar with pleading requirements, and, in my view, should not benefit from the usual liberal reading given to pro se litigants. See Reid v. Checkett & Pauly, 197 F.3d 318, 320 (8th Cir. 1999) (upholding dismissal of pro se complaint where plaintiff did not comply with order to amend complaint but was "an intelligent, experienced, and sophisticated pro se litigant."). But, whether or not the liberal reading applies, a pro se litigant cannot rely on conclusory allegations. See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) ("Even after allowing for due deference to a pro se plaintiff, Cruz's conclusory allegations of a due process violation are insufficient."); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) ("If the plaintiff proceeds pro se, the court should construe his pleadings liberally . . . . Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (internal citations and quotation marks omitted)).

Form 16, entitled "Complaint for Infringement of Patent," provides the following example

of a sufficient pleading in a patent infringement suit:

1.      Allegation of jurisdiction.

2.      On May 16, 1934, United States Letters Patent No. ___ were duly
        and legally issued to plaintiff for an invention in an electric motor;
        and since that date plaintiff has been and still is the owner of those
        Letters Patent.

3.      Defendant has for a long time past been and still is infringing those
        Letters Patent by making, selling, and using electric motors
        embodying the patented invention, and will continue to do so unless
        enjoined by this court.

4.      Plaintiff has placed the required statutory notice on all electric
        motors manufactured and sold by him under said Letters Patent,
        and has given written notice to defendant of his said infringement.

In my view, a bare allegation of literal infringement using the form is inadequate

to provide sufficient notice to an accused infringer under a theory of literal infringement.

The form fails to state which claims are asserted and which features of the accused

device are alleged to infringe the limitations of those claims.[3]   In alleging that the

"electric motors embod[y] the patented invention" the form fails to recognize that a

patent is only infringed when the accused product satisfies all of the limitations of the

claims.  However, I agree that under Rule 84 of the Federal Rules of Civil Procedure,

we would be required to find that a bare allegation of literal infringement in accordance

---

[3]      To some extent, the problem with the brevity of the form has been
ameliorated by some local rules which "require[e] both the plaintiff and the defendant in
patent cases to provide early notice of their infringement and invalidity contentions, and
to proceed with diligence in amending those contentions when new information comes
to light in the course of discovery." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,
467 F.3d 1355, 1365-66 (Fed. Cir. 2006) (discussing the local rules for the Northern
District of California).  But these the local rules do nothing to require an adequate
statement of the claim before discovery commences.

with Form 16 would be sufficient under Rule 8 to state a claim.[4]  One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.

The pertinent question here, however, is whether Form 16 should be read to apply to claims under the doctrine of equivalents.  Form 16 does not appear on its face to address the doctrine of equivalents.  The form itself, which became effective in 1938,[5] long predates the modern day doctrine of equivalents articulated by the Supreme Court more than a decade later in <u>Graver Tank & Manufacturing Co. v. Linde Air Products Co.</u>, 339 U.S. 605, 610 (1950).  The Supreme Court in <u>Bell Atlantic</u> suggests that the forms should not be interpreted as going beyond the fact situation described in the form.  In <u>Bell Atlantic</u> the Court distinguished between the requirements for pleading a complex antitrust claim from the "simple fact pattern laid out in Form 9," which pertains to basic negligence claims.  127 S. Ct. at 1970 n.10.  In my view, Form 16 should not be read as applying to a complex doctrine of equivalents claim.

McZeal's complaint utterly fails to provide any meaningful notice as to how Sprint has infringed the claims under the doctrine of equivalents.  It fails to specify which limitations are literally infringed and which are infringed by equivalents, or, as to the

---

[4]    Federal Rule of Civil Procedure 84 provides that "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

[5]    The prayer for relief portion of the form was amended in 1963 to reflect the language of the present patent statute, 35 U.S.C. § 284.  This amendment did not affect the relevant portion of the form.

limitations alleged to be infringed by the doctrine of equivalents, how the accused product is insubstantially different from the patented devices.

The Supreme Court's decision in <u>Bell Atlantic</u> makes clear that McZeal's conclusory allegations of infringement under the doctrine of equivalents are insufficient. <u>See</u> 127 S. Ct. at 1962-63. At issue in <u>Bell Atlantic</u> was whether, to state a claim for conspiracy under § 1 of the Sherman Act, 15 U.S.C. § 1, it was sufficient to allege that the major telecommunications providers "have entered into a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets and have agreed not to compete with one another and otherwise allocated customers and markets to one another" coupled with an allegation of parallel conduct.[6] <u>Id.</u> at 1962-63. The Second Circuit ordered the complaint dismissed, relying on <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), the same decision on which the majority relies here, particularly language in that opinion that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

---

[6]    The complaint in <u>Bell Atlantic</u> alleged:

> In the absence of any meaningful competition between the [ILECs] in one another's markets, and in light of the parallel course of conduct that each engaged in to prevent competition from CLECs within their respective local telephone and/or high speed internet services markets and the other facts and market circumstances alleged above, Plaintiffs allege upon information and belief that [the ILECs] have entered into a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets and have agreed not to compete with one another and otherwise allocated customers and markets to one another.

<u>Id.</u> at 1962-63.

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 106 (2d Cir. 2005).

The Supreme Court reversed. 127 S. Ct. at 1961. The Court clarified that its earlier language in Conley should not be read "in isolation" to support "a wholly conclusory statement of claim," and recognized that "this famous observation [in Conley] has earned its retirement." Id. at 1968-69. The Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted). The Court noted that "[w]ithout some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 1965 n.3. It is necessary to allege sufficient facts in the complaint so that "when the allegations in a complaint, however true, could not raise a claim of entitlement of relief, this basic deficiency [is] . . . exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1966 (internal quotation marks omitted). The Court concluded that

> we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

Id. at 1965.

Plainly <u>Bell Atlantic</u> applies outside the antitrust context, and the requirements of <u>Bell Atlantic</u> apply here.[7] The consequence of allowing McZeal's conclusory allegations to proceed is to expose the defendant to potentially extensive discovery before a motion for summary judgment may be filed.[8] Thus the district court here "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." <u>Bell Atlantic</u>, 127 S. Ct. at 1967.

Even before <u>Bell Atlantic</u>, courts have recognized that conclusory allegations are insufficient to state a claim of infringement.[9] Specifically, in <u>Dow Jones & Co. v.</u>

---

[7] The Second Circuit in <u>Iqbal v. Hasty</u>, 490 F.3d 143 (2d Cir. 2007), has stated that

> [w]e are reluctant to assume that all of the language of <u>Bell Atlantic</u> applies only to section 1 allegations based on competitors' parallel conduct or, slightly more broadly, only to antitrust cases. Some of the language relating generally to Rule 8 pleading standards seems to be so integral to the rationale of the Court's parallel conduct holding as to constitute a necessary part of that holding.

<u>Id.</u> at 157.

[8] The American Intellectual Property Law Association's ("AIPLA") recent report states that the median cost of discovery in a patent infringement suit is between $350,000 and $3,000,000. <u>AIPLA Report of the Economic Survey 2007</u> 25 (2007).

[9] <u>See</u> <u>Martin v. Davies</u>, 917 F.2d 336, 340 (7th Cir. 1990) ("Martin's conclusory allegations of prejudice fail to meet any standard of sufficiency."); <u>Munz v. Parr</u>, 758 F.2d 1254, 1259 (8th Cir. 1985) ("Munz's conclusory statements are not sufficient to state a claim against the city or county. He has done little more than merely parrot the language of Monell." (internal citations and quotation marks omitted)); <u>Hurney v. Carver</u>, 602 F.2d 993, 995 (1st Cir. 1979) ("While a Pro se complaint is held to less stringent standards than one drafted by an attorney, . . . courts need not conjure up unpleaded facts to support . . . conclusory allegations.") (internal citations and quotation marks omitted)); <u>see also</u> 5 C. Wright and A. Miller, <u>Federal Practice and Procedure</u> § 1286 (3d ed. 2004) ("a pleader's conclusory allegations of law, unsupported factual assertions, and unwarranted inferences do not have to be accepted by the federal court as true, particularly on a Rule 12(b)(6) motion to dismiss or a Rule 12(c) for judgment on the pleadings").

International Securities Exchange, Inc., 451 F.3d 295 (2d Cir. 2006), the Second Circuit found that the mere assertion that the defendant's trademarks would constitute trademark infringement "without any factual allegations concerning the nature of the threatened use, does not give the defendants fair notice of the claims against them and does not show, by facts alleged, that Dow Jones is entitled to relief." Id. at 307. The court concluded that "[a]s to the trademark claims, Dow Jones's complaint, consists of conclusory allegations unsupported by factual assertions and therefore it fails even the liberal standard of Rule 12(b)(6)." Id. (internal citations and quotation marks omitted). McZeal's allegations are no more specific than the conclusory allegations in Dow Jones, and are plainly insufficient to state a claim.[10]

Under the majority opinion it is now sufficient to simply allege in the complaint that the patent is infringed by the defendant's sale of a particular product without even specifying which specific claims are alleged to be infringed or the features of the accused device that satisfy the limitations of these claims. We have consistently held that, under the doctrine of equivalents, to create an issue of material fact a patentee must prove infringement on a limitation-by-limitation basis by submitting particularized testimony. Aquatex Indus., Inc. v. Techniche Solutions, 479 F.3d 1320, 1329 (Fed. Cir. 2007); Texas Instruments Inc. v. Cypress Semiconductor Corp., LSI, 90 F.3d 1558,

---

[10] Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790 (Fed. Cir. 2000), cited by the majority, is not to the contrary. That case predates Bell Atlantic, and in any event the allegations of literal infringement there were considerably more detailed than the allegations here because the complaint explained "the means by which the defendants allegedly infringed." Id. at 794.

Here the trademark claim, unlike the patent infringement claim, in my view alleges sufficient facts to pass under Rule 8.

1566 (Fed. Cir. 1996). We have recognized this requirement in the summary judgment context. See Network Commerce, Inc. v. Microsoft Corp., 422 F.3d 1353, 1363 (Fed. Cir. 2005). While pleading requirements are less strict, these cases underscore the need to supply some specificity in both alleging and proving a doctrine of equivalents claim.

The majority's remand is particularly puzzling since McZeal's failure to investigate the accused device may indeed be sanctionable. In Judin v. United States, 110 F.3d 780, 784 -85 (Fed. Cir. 1997), we held that sanctions were warranted where the inventor did not obtain, or attempt to obtain, the accused device "so that its actual design and functioning could be compared with the claims of the patent." See also Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1302 (Fed. Cir. 2004) ("[O]ur case law makes clear that the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis.").

Accordingly, since in my view McZeal has failed to allege facts supporting a doctrine of equivalents claim as required by Bell Atlantic, I would affirm the district court's dismissal of McZeal's doctrine of equivalents infringement claim.